## MORSE v. BERKSHIRE LIFE INSURANCE CO.
### No. 127219.
Small Claims Court, Dade County.

November 2, 1964.

Richard L. Abbott of Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell, Miami, for defendant.

SIDNEY L. SEGALL, Judge.

Defendant contends that it has paid the maximum amount required under its policy for the surgical operation of the type involved herein. Plaintiff seeks recovery in the amount of $157.50 ($150 surgical fee and $7.50 anesthesia charge) which he asserts he is entitled to under the policy.

The pertinent provision of the policy is contained in the "Surgical Schedule" —

"Except as provided below, for surgical procedures not listed in this Table, *the Company will determine the maximum amounts* applicable *on the basis* of the above listed procedures of *comparable severity.* Up to $500" (Italics added.)

The surgical schedule lists some 119 different operations and provides a maximum amount for each respective operation and procedure. Seven of the operations listed in the surgical schedule allow a maximum amount of $500. Nine of the operations listed allow a maximum surgical fee in excess of $500 (ranging between $600 and $750).

An examination of the policy shows that the types of operations are expressly designated and enumerated. It is not contended by plaintiff that the surgery performed herein comes within any of the scheduled operations under the policy.

Plaintiff has offered no expert medical testimony to establish that his wife's cancer operation was as severe or more severe than several of the operations provided in the surgical schedule for which the $500 maximum fee is allowed.

The defendant insurance company, on the other hand, adduced testimony of a medical expert, a qualified surgeon, which established — (1) that the operation in question was similar to two of the operations listed in the surgical schedule of the policy, namely, thyroidectomy, and radical mastectomy, and (2) that the operation performed on plaintiff's wife was not as severe as the two abovementioned scheduled operations (for which $350 each is the maximum allowed under the policy).

The plaintiff has failed to sustain the material allegations of his statement of claim by a preponderance of the evidence, which is legally insufficient to establish liability on the part of the defendant. Judgment is accordingly rendered for the defendant.

The weight of the evidence compels a finding that the defendant company has fulfilled its obligations under the contract of insurance. The following material facts are undisputed —

Plaintiff's wife underwent surgery in New York City for cancer. Plaintiff's New York surgeon charged $525 for his surgical fee, and a $60 charge was incurred for anesthesia. Defendant insurance company has paid $350 (surgical fees) and $52.50 (anesthesia charges) under the health insurance policy sued upon by the plaintiff.

In the court's opinion the amount of the fee charged by the New York surgeon for the operation performed is not the test for the determination of the amount plaintiff would be legally entitled to recover. The policy itself provides the maximum amount allowable for each scheduled operation.

Moreover, the policy does not allow recovery of *actual cost* incurred by an insured (in excess of the maximum allowances) even where such operation is listed under the surgical schedule. For example, should the insured have incurred a surgical charge of $500 for a thyroidectomy or radical mastectomy, defendant's liability would have been limited to a maximum of $350, and this would be true even though the surgical fee charged was reasonable and the reasonableness was not disputed by the insurance company.

On the basis of the foregoing, and for the reasons stated, plaintiff is not legally entitled to recover.